RENDERED: NOVEMBER 1, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0549-ME

R.F.D.                                                   APPELLANT

v.                 APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE ROSS EWING, JUDGE
ACTION NO. 21-AD-00154

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES                                      APPELLEE

OPINION
AFFIRMING

\*\* \*\* \*\* \*\* \*\*

BEFORE: COMBS, LAMBERT, AND McNEILL, JUDGES.

COMBS, JUDGE: This case comes before us on remand after the trial court entered an order awarding a fee to a warning order attorney, who again in this second appeal disputes the amount of the fee.

The Appellant is a Lexington attorney who was appointed as a warning order attorney in a proceeding in Fayette Circuit Court. Facts relevant to the issue before us are summarized in the prior appeal, *Dawahare v. Cabinet for*

*Health and Family Services*, 662 S.W.3d 745 (Ky. App. 2023),[1] as follows in

relevant part:

> On January 13, 2022, the Cabinet for Health and Family Services (CHFS) filed an Affidavit for Appointment of Warning Order Attorney to effect service on the respondent in its underlying action and, therein, provided her last known address. Dawahare was appointed on the same day. In April 2022, Dawahare filed a report stating that his attempt to reach the respondent by certified mail at the address provided by CHFS had been unsuccessful and he was unable to make a defense on her behalf.
>
> Thereafter, the parties agree that Dawahare contacted CHFS seeking payment for his services in the amount of $100, plus costs, the customary fee in Fayette County. However, after being informed he was required to seek a payment order from the court, Dawahare asserted he would require additional compensation and filed a motion seeking $500 in fees plus $7.38 in costs. In support of his request, Dawahare attached a timesheet documenting that he spent 2.5 hours communicating with CHFS, reviewing the 19-page file, drafting correspondence to the respondent, posting the letter, retrieving the certified mail form from the post office, performing miscellaneous clerical functions, and preparing and filing his report. . . .
>
> CHFS objected, arguing that the requested sum exceeded the longstanding general order of the Fayette Circuit Court and was generally unreasonable. Ultimately, the [circuit] court denied the motion, stating that "[t]he amount of fees requested is excessive; per the longstanding General Term Order dated April 22, 2014[,]

---

[1] As this Court explained in the prior appeal, "[t]he underlying case is a confidential termination of parental rights action; however, as the privacy interests of the family are not implicated by this appeal, we forgo our usual custom of substituting initials for litigants' names." *Id.* at n.1.

-2-

the maximum order for Warning Order Attorney fees are [*sic*] capped at $100."

*Id.* at 746-47 (footnote omitted).  In its Order denying Dawahare's motion, the circuit court "encouraged [Counsel] to file an Agreed Order of payment for $107.38 (or $132.38 if they are so inclined to consider the recent General Order of June 16, 2022."  The court noted that "[a]s of June 16, 2022[,] A General Order for Warning Order Attorney Fee was entered raising the maximum fee to $125.00."

Dawahare appealed to this Court which reversed and remanded, concluding as follows:

> [The] threshold issue is whether the [circuit] court abdicated its discretion in favor of a mechanical application of the general order, and if so, whether this was in error.
>
> . . .
>
> [A]s a statutory limit of $100 on warning order attorney fees has not been established, we are . . . unpersuaded that the court's reliance on the general order should be affirmed solely on this basis. . . .
>
> A court's failure to exercise discretion is itself an abuse of discretion. . . .  As the order on appeal fails to demonstrate that the court exercised independent judgment and considered the facts of this case, we conclude the court's decision is arbitrary and remand for further proceedings.
>
> To clarify, **this Opinion does not hold that general orders are not permissible or even that this particular general order is void**.  **Further, our holding should not be construed as a determination that $100**

**is or is not reasonable under these facts**. Rather, our holding is merely that a general order cannot replace the court's discretion, though **the court is free to consider its wisdom as a guideline of what is reasonable in that jurisdiction for a typical appointment in conjunction with its assessment of the facts at hand**.

*Id.* at 747-48 (emphasis added) (footnotes omitted).

Upon remand, on April 23, 2024, the circuit court meticulously followed the direction of our Court, duly exercised its discretion, and entered an Order awarding Dawahare a fee in the amount of $125.00 plus $7.38 for reimbursement of postage costs. It announced its analysis as follows:

> The Court regularly reviews and awards fees to duly appointed warning order attorneys. The Court has judicial knowledge of the work that is typically performed and the fee that is typically awarded for that work. *See Pettingill v. Pettingill*, 480 S.W.3d 920 (Ky. 2015) (regarding use of judicial knowledge). By far the most commonly awarded fee is the one "set" by General Order of the Fayette Circuit Court entered June 16, 2022 -- $125. Most attorneys also seek and awarded [*sic*] reimbursement of any out-of-pocket expenses. The Court notes that the General Order "set[s]" and *does not cap* warning order attorney fees. Warning order attorneys remain free to move for any fee they believe is reasonable under the circumstances. In this way, the Order operates much like the procedure and local rules cited by the Court of Appeals. This Court remains "free to consider its wisdom as a guideline of what is reasonable in [this] jurisdiction for a typical appointment in conjunction with its assessment of the facts at hand." *Dawahare v. Cabinet for Health & Fam. Servs.*, 662 S.W.3d 745, 748 (Ky. App. 2023).

The Court finds that the affidavit submitted by Mr. Dawahare is credible -- the Court it believes that he spent the time stated performing the activities described. However nothing in CR[2] 4.07(6), the Court of Appeals opinion herein, or the cases cited by counsel requires that warning order attorneys be compensated on an hourly basis. Some attorney fees are determined on an hourly basis; some are not. Moreover many of the tasks performed by Mr. Dawahare -- driving to the post office, for example -- require no legal training or specialized knowledge.

Most importantly, the efforts made by Mr. Dawahare to locate and notify [the defendant] were not extraordinary. They were at best typical and in line with the work completed by other warning order attorneys who are awarded a reasonable fee of $125. Mr. Dawahare did not, for example, attempt to locate [the defendant] using social media, or search other court records or public records for any other addresses for her. The Court is aware that many warning order attorneys use these and other modern electronic tools to attempt to effectuate actual notice. To be clear, those efforts are not required by CR 4.07 and the Court is not finding that Mr. Dawahare's good faith efforts did not constitute effective service of process by warning order attorney in this case. *See Unknown Person on Behalf of Englert v Whittmgton*, 737 S.W.2d 676 (Ky. 1987). However, for the purpose of determining a reasonable fee, the Court finds that the work performed by Mr. Dawahare was at best ordinary and typical. A typical fee is reasonable for typical work.

In light of the work Mr. Dawahare has credibly verified under oath that he performed in this case, the Court finds it reasonable to award him a fee of $125, plus reimbursement of postage costs of $7.38. To the extent the parties have briefed other arguments that are not

---

[2] Kentucky Rules of Civil Procedure.

addressed above the Court finds them to have little or no weight to the question at hand . . . .

(Italics original.)

Dawahare has again appealed. He essentially argues once more that the circuit court abused its discretion because $125 is not a reasonable fee for his services.

KRS[3] 453.060(2) authorizes the court to allow the warning order attorney "a reasonable fee for his services, to be paid by the plaintiff and taxed as costs." CR 4.07(6) similarly provides that "[t]he court shall allow the warning order attorney a reasonable fee for his services, to be taxed as costs."

> What constitutes a reasonable fee is within the discretion of the court. Accordingly, we review for an abuse of discretion. An abuse of discretion occurs if the court's ruling is arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

*Dawahare, supra* at 747 (internal quotation marks and citations omitted).

In the case before us, the circuit court scrupulously complied with this Court's instruction on remand. We agree with the Cabinet that the court provided a "thoughtful analysis" as to why it determined a fee of $125.00 to be reasonable. Based upon the record before us, we cannot

---

[3] Kentucky Revised Statutes.

conclude that the trial court abused its discretion in awarding an attorney fee of $125.

Accordingly, we affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Richard F. Dawahare
Lexington, Kentucky

BRIEF FOR APPELLEE:

Jessica M. Crockett
Lexington, Kentucky